### CHARLES SHAFER v. JOHN WISEMAN.

*Deed of mortgaged lands—Covenant of warranty—Variance.*

A deed conveying land subject to a mortgage and containing a covenant against all encumbrances except that, conveys only the equity of redemption; and a further covenant of warranty only covers the interest conveyed.

Where a declaration for breach of warranty sets forth a deed of the whole title with warranty equally broad, a deed which conveys subject to a mortgage and which covenants against encumbrances except as described, and contains, besides, a covenant of warranty, is materially variant and unless plaintiff obtains leave to amend his declaration is inadmissible as evidence to support it.

Error to Mecosta. Submitted Oct. 11. Decided Oct. 12.

ASSUMPSIT. Plaintiff brings error. Affirmed.

*Frank Dumon* and *W. W. Carpenter* for plaintiff in error. One who sues on a deed may set out the clauses on which he relies without noticing a separate clause operating as an exception: Chit. Pl. 256; *Prentiss v. Spalding* 2 Doug. (Mich.) 88; *Atty. Gen. v. Oakland County Bank* Walk. Ch. 94; *Myers v. Carr* 12 Mich. 71; *Lynch v. People* 16 Mich. 476.

*L. G. Palmer* and *J. H. Palmer* for defendant in error. In a suit on a contract the instrument given in evidence must correspond with that set forth in the declaration: *Sheehy v. Mandeville* 7 Cr. 208; 1 Tidd's Pr. 434; *Freeman v. Foster* 55 Me. 508.

CAMPBELL, J. This was an action for breach of covenant of warranty of land. The declaration set out a deed from Wiseman and wife to Shafer, dated February 2, 1872, conveying the premises described, and with covenant against all incumbrances except a mortgage from Wiseman to Thomas D. Gilbert. The declaration then averred a covenant of warranty of the premises.

The declaration thereafter set forth that the mortgage was for $1100, but that by the deed plaintiff assumed and agreed to pay $660, which was considered as part of the purchase money; and that he paid this to Gilbert. That plaintiff sold to Christian Shafer, who conveyed to Samuel T. Potter, the date of the sale to Potter not being set out. It then set out a foreclosure suit in equity and a sale under it made August 8, 1879, to one George M. Miller, and ouster of Potter, who conveyed his right of action to plaintiff.

On the trial plaintiff produced a deed which conveyed the premises subject to the mortgage, of which plaintiff was to assume and pay $660. The remainder of the deed was in the usual form with a covenant against incumbrances except as described, and covenants of warranty. The deed was rejected for variance, and plaintiff did not ask leave to amend. Judgment was therefore directed for defendant. The deed declared on was a deed of the whole title with warranty equally broad, the covenant against incumbrances being the only qualified covenant. The deed produced conveyed only the equity of redemption, and the warranty only covered what was conveyed. The description of the premises conveyed was certainly very different from that declared on, and the effect of the instrument was in some serious particulars different. The case would have been a very proper one for amendment, and we presume an amendment would have been allowed if desired. But the variance was palpable and material.

There was no error in the ruling and the judgment must be affirmed with costs.

The other Justices concurred.